MERCK v. TREAT, Collector.

(Circuit Court of Appeals, Second Circuit. November 9, 1909.)

No. 33.

INTERNAL REVENUE (§ 38*)—SUIT TO RECOVER TAXES PAID—LIMITATION.

Rev. St. § 3226 (U. S. Comp. St. 1901, p. 2088), provides that no suit shall be maintained for the recovery of any internal tax alleged to have been erroneously collected "until appeal shall have been duly made to the Commissioner of Internal Revenue * * * and a decision of the Commissioner has been had therein: Provided, that if such decision is delayed more than six months from the date of such appeal, then the said suit may be brought, without first having a decision of the Commissioner,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

at any time within the period limited in the next section." Section 3227 provides that no such suit shall be maintained, unless brought "within two years next after the cause of action accrued." *Held*, that the proviso of the former section is permissive only, and does not compel a claimant to bring suit within two years and six months after taking appeal in any case, but that he may at his election await the decision of the Commissioner, and, if adverse, bring suit within two years thereafter.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 38.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by George Merck against Charles H. Treat, as Collector, etc. Judgment for defendant on demurrer, and plaintiff brings error. Reversed.

On writ of error, to review a judgment entered upon a decision sustaining a demurrer, upon the ground that it appears upon the face of the complaint that the action is barred by the statute of limitations. The case is thus stated in the brief for the plaintiff in error.

"The complaint shows that the firm of Merck & Co., importers and dealers in drugs in the city of New York, were compelled to pay under the so-called war tax act of 1898, certain duties on various drugs named in the complaint. These taxes were paid by the affixing of stamps at various dates from July, 1898, until June, 1901. The government contended that the articles upon which these stamp duties were collected were compounded medicinal preparations, while the firm of Merck & Co. claimed that they were uncompounded medicinal drugs or chemicals. From the action of the collector the firm of Merck & Co., appealed to the Commissioner of Internal Revenue. The appeals were taken September 26, 1900, and December 12, and 13, 1901. The Commissioner did not render his decision until the 6th of February, 1906. In the meantime one of the members of the firm of Merck & Co. had retired and left the plaintiff in error, George Merck, as assignee of his interest and sole owner of the claim. This suit to recover the money illegally exacted was begun in December, 1907, less than two years after the decision of the Commissioner on the appeal, but more than five years after the taking of the appeal."

Currie, Smith & Maxwell (W. Wickham Smith, of counsel), for plaintiff in error.

Henry A. Wise, U. S. Atty., and William L. Wemple, Asst. U. S. Atty., for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. We are of the opinion that the action was commenced in time. Section 3226 of the Revised Statutes (U. S. Comp. St. 1901, p. 2088) provides that no suit shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously assessed or collected "until appeal shall have been duly made to the Commissioner of Internal Revenue * * * and a decision of the Commissioner has been had therein: Provided, that if such decision is delayed more than six months from the date of such appeal, then the said suit may be brought, without first having a decision of the Commissioner, at any time within the period limited in the next section." Section 3227 provides that no suit referred to in the preceding section "shall be maintained in any court, unless the

same is brought within two years next after the cause of action accrued."

It is manifest that without the proviso above quoted no cause of action could accrue in such a suit until a decision of the Commissioner has been rendered. The 2 years' period commences to run from the promulgation of the decision. The statute, with the proviso omitted, declares a positive prohibition against the commencement of a suit until the decision is rendered, whether it be delayed 6 months or 6 years or 20 years from the date of the appeal. That such a statute would be grossly unfair to the citizen is obvious, for it would make the Commissioner an absolute dictator and would prevent all redress in case that official neglected or refused to act. To prevent such a denial of justice the proviso was inserted in the interest of the aggrieved party. It provides that he may after 6 months bring his suit without waiting longer for the decision. In other words he may, if he likes, treat the failure to decide as an adverse decision. If the contention of the defendant in error be correct the lawmakers should have used the word "must" and not "may." Indeed, if the intention were as contended it would have been best expressed by a provision that the cause of action should accrue 6 months from the date of the appeal unless the Commissioner sooner decides the controversy, and then at the date of the decision.

We think Congress intended to give the appellant the right to wait for the decision of the Commissioner, especially if he has reason to believe that it will be in his favor. Congress could not have intended to offer him the alternative of losing his claim or else commencing an expensive litigation which prevents a decision which may sustain his contention and for which he is entirely willing to wait. A construction which compels the claimant, upon pain of forfeiting all his rights, to sue within 2 years and 6 months from the appeal to the Commissioner and while that official is duly considering the questions involved, seems to us unreasonable.

On the other hand the interpretation which we place upon the statute provides a simple, fair and workable plan which preserves the rights of both parties. Certainly the government which holds the money cannot, from a pecuniary point of view, be injured by the delay. If, however, the Commissioner thinks otherwise he has the remedy in his own hands, he has but to decide the controversy and the period of limitation will immediately begin. It seems to us unseemly to make a suit compulsory against a government official when the regularly constituted authorities are examining the questions at issue in due course and may render a decision which will make a suit unnecessary; especially so when the party who has been deprived of his money is not complaining of the delay.

The practice as we construe the statute is plain and simple. The party whose property has been, as he thinks, wrongly taken by the collector appeals to the Commissioner. If the latter official renders a decision against him he must bring suit within 2 years from the date of such decision. But the decision may be unreasonably delayed and the claimant may thus be deprived of the use of his money for an

indefinite period. To guard against such injustice the option is giv-, en, if he sees fit to exercise it, of beginning his suit after the expiration of six months from the date of the appeal. The collector needs no protection of this kind, he has possession of the money and the Commissioner, if he so desires, can set the 2 years running by a decision on the same day as the appeal. The citizen whose property has been taken does need protection for, as has been stated, without the proviso he is absolutely remediless if the Commissioner neglects to decide. It is this protection which the proviso gives. As is pointed out in the plaintiff's brief, if these actions must be brought within the 2 years and 6 months the result will be that the courts will be overwhelmed with unnecessary litigation. Especially is this true where, as in the case at bar, a new act is to be construed.

We think the foregoing views are sustained by the Supreme Court in Arnson v. Murphy, 109 U. S. 238, 3 Sup. Ct. 184, 27 L. Ed. 920, and Wright v. Blakeslee, 101 U. S. 174, 25 L. Ed. 1048. In Arnson v. Murphy the Supreme Court, having under consideration a statute similar in all essential particulars to the one in hand, uses the following language:

"It appears to us quite plain, from the reading of the statute, that no action arises to the claimant, in such cases, until after a decision against him by the Secretary of the Treasury: and that his suit against the collector is barred unless brought within 90 days after an adverse decision upon his appeal; but, with the proviso, that if such decision is delayed more than 90 days after the date of his appeal, it is at the claimant's option either to sue, pending the appeal, treating the delay as a denial, or to wait until decision is in fact made, and then sue within 90 days thereafter. It cannot be that he is obliged, in case for any reason a decision at the Treasury Department is delayed beyond the appointed time, to treat the delay as an adverse decision, and to bring his suit while the matter is still sub judice. There is no language in the act requiring such a conclusion, it is inconsistent with the terms actually employed, and is not founded on any sufficient reason."

The judgment is reversed.